No. 4.—John T. Henderson, plaintiff in error, vs. James · Almond, defendant in error.

*A gin was sold to defendant by a firm of which the plaintiff was a member ; a note under seal was given for it. The firm contracted "to furnish the defendant with a forty saw gin, which they warranted to be as good as any gin made, if not, they would furnish one that would." The gin was furnished, but it broke, and was delivered over to a person employed by plaintiff to repair it if necessary; it was repaired. It broke a second time and was delivered to the same employee of plaintiff to be repaired, and was never returned.*
*Held, That as the gin was delivered to plaintiff's agent to repair, it was the same as a delivery to plaintiff, and notice was not necessary.*

Debt on single bill, in Elbert Superior Court. Tried before Judge Thomas, at March Term, 1857.

This was an action of debt brought by John T. Henderson, against James Almond, on the following instrument, viz :

"By the 25th day of December, 1853, I promise to pay Henderson & Chisolm, or bearer, eighty dollars for value received.

Witness my hand and seal, this November, the 30th, 1852.
                                        JAMES ALMOND, *L. S.*"
Indorsed—"Received on the within note four dollars, this 23d Oct. 1854."

The defendant pleaded:
1st. The general issue.
2d. That said single bill was given for a forty saw gin, sold to defendant, and that the consideration had wholly failed, and the gin was worthless.
3d. That Henderson & Chisolm, from whom the gin was purchased, and of which firm, plaintiff is a member, warranted the gin to be as good as any gin made, if not, that they would furnish such a one, and avers a breach of said warranty.

Before introducing his testimony, plaintiff moved to strike

defendant's pleas, on the ground, that by accepting a written warranty, he was precluded from the defence set forth in the pleas and must resort to his action on the warranty. The Court overruled the motion and plaintiff excepted.

Plaintiff then read in evidence the single bill, and closed his case.

Defendant then offered the warranty of Henderson & Chisolm; proved that plaintiff was one of that firm, who were gin makers, at Covington, Georgia, and that the note sued on was given for a forty saw gin purchased from them.

That he ginned some four or five bales of cotton, when the head-block broke; it ginned about two bales a day. He had the gin repaired by Mr. Oglesby, and again put it in operation, and ginned about four or five bales, when it again broke; it was again carried to Mr. Oglesby's to be repaired, where it has remained ever since, never having been replaced. The ginning done was not worth more than the trouble in putting up and taking down the gin.

*Mr. Oglesby*, testified, that he was authorized by Goss the agent of Henderson and Chisolm, to repair the gin, if necessary, at their expense; thet he mended the head-block when it broke, and made it smaller, to increase the speed. The second failure was owing to the breaking the Cylinder, caused by a defect in the material, and not by any fault in the management of the gin. Witness is a gin-maker; after the last failure, the gin was entirely worthless for ginning.

Plaintiff in reply, offered the testimony of *William J. Cushing*, taken by commission, who testified, that he was at defendant's house in October, 1854, and the gin was then running, and defendant seemed pleased with it, but complained that it *napped* the cotton, and said that the pully or head-block had been broken and repaired. Witness was the agent of plaintiffs, and presented the note for payment, and defendant said he was then out of money, but would soon pay it. Witness remained several days at defendant's house,

being sick, and on leaving, offered to pay his bill, but defendant refused to receive it, and told him to credit it on the note, which was done.

Plaintiff's counsel requested the Court to charge the jury: That it was the duty of the defendant to give notice of the failure of the gin, and to demand another according to the warranty, and if it is not proved that he did so, his defence is not good; that if the warranty was the consideration of the note, and the gin failed, notice of such failure should be given before his present defence could be available, and if they should believe that the gin was of any value or benefit to the defendant, there being no plea of partial failure of consideration, they should find for plaintiff the whole amount of the note; which charges the Court refused, but charged that, if the consideration of the note was a gin, and it was wholly worthless, they should find for defendant; and if the consideration was the gin and warranty, and the gin had not come up to the warranty and a new one had not been furnished according to the warranty, they should find for defendant; and that it was not the duty of defendant to give notice to the warrantors of the failure of the gin.

To which charges and refusal to charge, counsel for plaintiff excepted.

HESTER & AKERMAN, for plaintiff in error.

THOMAS, for defendant in error.

*By the Court.*—McDONALD, J. delivering the opinion.

This is an action on a single bill, dated 30th November, 1852, payable by the 25th December, 1853; suit brought 31st December, 1855. It was given for a gin, delivered under a contract made by defendant, with a firm of which plaintiff was a member, dated 8th March, 1852, by which the payees agreed " to furnish the defendant with a forty saw-gin, as

good as any made, if not, they would furnish one that would." Under our statutes and the decisions of this Court, the plea of failure of consideration is a good defence if sustained by the evidence, and also a plea of partial failure of consideration, instead of driving the party to his cross action. But here was a special contract, and the question is, whether the parties did not stipulate among themselves, that instead, of a recision of the contract, by the purchaser, on the failure of the gin to perform well, he was not bound to accept another in lieu of the one first furnished, and to enable the party to do it, to give notice of the failure? There are but two members of the Court presiding, and they differ on this point. The consequence would be, that the judgment of the Court below must be affirmed, because of this disagreement, if the case were to stop here. But as we are both inclined to hold, that the witness Oglesby was sufficiently the agent of the plaintiff to bind him by his conduct, we prefer to put the judgment of affirmance on a different ground. Oglesby was employed by plaintiff's agent to repair the gin, if necessary. The head-block broke and he did repair it. When the cylinder broke, defendant sent it to him to be repaired again, and it was never returned. Mr. Oglesby was the employee of the plaintiff, (or which is the same thing, of the firm of which he was a member,) to repair this identical gin. Mr. Oglesby was not the agent of the plaintiff to receive notices, but he was the agent to repair the gin, and when delivered to him for that purpose, the gin was in the possession of the plaintiffs. It would be a good defence to an action of trover against the defendant for this gin, that it was delivered to plaintiff's agent by his authority. The delivery of the gin to plaintiff's employee to be repaired, and his keeping it, is equivalent to notice to plaintiff.

Judgment affirmed.